UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN M. KING, Trustee for the Heirs and Next of Kin of Shawn Kevin King, | Case No. 25-CV-0656 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| CENTURION OF MINNESOTA, LLC; FELIX NEBA, APRN, in his individual capacity; TAWNY KRAEMER, RN, in her individual capacity; CHRISTINA BORYCZKA, in her individual and official capacity; MICHAEL NIEHANS, MD, in his individual and official capacity; CHARITY HAUGEN, BS, LADC, in her individual capacity, | |
| Defendants. | |

Zorislav R. Leyderman, LAW OFFICE, for plaintiff.

Matthew Mason and Margaret E. Jacot, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Felix Neba, Tawny Kraemer, and Charity Haugen.

This action arises out of the death of Shawn King while in the custody of the Minnesota Department of Corrections. Plaintiff Kevin King brings claims under 42 U.S.C. § 1983 and state law, alleging that Shawn King's death was due to defendants' deliberate indifference and medical malpractice.

This matter is before the Court on the motion of defendants Felix Neba, Tawny Kraemer, and Charity Haugen ("the state defendants") to dismiss.[1] In particular, the state defendants move for the Court to dismiss Count 1 under Fed. R. Civ. P. 12(b)(6) and decline to exercise supplemental jurisdiction over Counts 2 and 3. Should the Court exercise supplemental jurisdiction, the state defendants move in the alternative for the Court to dismiss Count 3 under Rule 12(b)(6).

For the reasons stated on the record at the July 16, 2025, hearing, the motion is granted in part and denied in part. In particular, the motion is granted as to Count 1 and that claim is dismissed without prejudice. The remainder of the motion is denied. The Court will continue to exercise supplemental jurisdiction over Counts 2 and 3 and denies the motion to dismiss Count 3.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[1] While the caption of the second amended complaint states that these defendants are sued in their individual capacities, the body of the document states that they are sued in their individual and official capacities. ECF No. 24 ¶ 10. The reference to official capacity in ¶ 10 appears to be an oversight, however, as the parties clarified at oral argument that the purpose of the second amended complaint was to remove the official-capacity claims against these defendants. *Compare* ECF No. 20 *with* ECF No. 24.

1. The motion to dismiss of defendants Felix Neba, Tawny Kraemer, and Charity Haugen [ECF No. 26] is GRANTED IN PART and DENIED IN PART.

    a. The motion is GRANTED as to Count 1 and that count is DISMISSED WITHOUT PREJUDICE as to defendants Felix Neba, Tawny Kraemer, and Charity Haugen.

    b. The motion is DENIED in all other respects.

2. The Clerk of Court is DIRECTED to amend the docket of this case:

    a. to reflect that defendants Felix Neba, Tawny Kraemer, and Charity Haugen are sued in their individual capacities only; and

    b. to change the spelling of defendant Charity Haugan's name to "Haugen."

Dated: July 16, 2025

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court